# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 16-00676LEK-KJM |
| CASE NAME: | Wond Family Kapalama, LLC, a Hawai'i limited liability company vs. Continental Tire The Americas, LLC, an Ohio limited liability company, et al. |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 01/09/2018 | TIME: | |

COURT ACTION:  EO: COURT'S OUTLINE OF DECISIONS ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT REGARDING COUNTS IV AND V

## I. Summary Judgment Ruling

A hearing on the following motions was held on December 18, 2017: Defendant/Counterclaimant/Third-Party Plaintiff Continental Tire the Americas, LLC's ("Continental Tire") Motion for Summary Judgment as to Count IV of Plaintiff's Complaint ("Continental's Count IV Motion"), filed on October 6, 2017; and Plaintiff/Counterclaim Defendant Wond Family Kapalama, LLC's ("Wond Family") Motion for Partial Summary Judgment Re: Count IV of Complaint ("Wond Family's Count IV Motion"), also filed on October 6.  [Dkt. nos. 60, 62.]  On December 27, 2017, a hearing was held on Continental Tire's Motion for Summary Judgment as to Count V of Plaintiff's Complaint ("Continental's Count V Motion"), also filed on October 6.  [Dkt. no. 58.]  The following is an outline of the Court's decisions on the parties' motions.

### A. Count IV

To the extent Continental's Count IV Motion seeks a ruling that the common law remedy of holdover rent – also referred to as carryover rent – is not available in commercial leases, the motion is denied because the Hawai`i Residential Landlord-Tenant Code only displaces the common law in the area of residential leases.  See, e.g., Haw. Rev. Stat. § 521-3(a) ("Unless displaced by the particular provisions of this chapter, the principles of law and equity . . . supplement its provisions.").  Further, because the right to holdover rent is recognized under common law, a lessor may recover holdover rent

even in the absence of an express contractual provision addressing the remedy.  Insofar as Wond Family's Count IV Motion seeks a ruling that holdover rent is an available remedy, the motion is granted.

Further, to the extent Wond Family's Count IV Motion seeks a ruling on the issue of whether Continental Tire is obligated to perform all obligations under the sublease for the Property ("Sublease"), the motion is granted.  The assignment at issue here does not contain any limitations on Continental Tire's duty to perform the obligations under the Sublease, and there is no evidence in the record of any other agreement limiting its obligations.  [Concise Statement of Facts in Supp. of Continental's Count IV Motion, filed 10/6/17 (dkt. no. 61), Decl. of Lisa A. Bail, Exh. B (Assignment of Leases, dated 9/24/68 and recorded 3/17/69 ("Assignment")) at 4 ("in consideration of the premises, the Assignee, for itself, its successors and assigns, hereby covenants with (1) the Assignor and (2) the Lessors, and their respective successors, successors in trust and assigns: THAT the Assignee . . . will observe and perform all of the covenants and agreements in said documents contained and on the part of the Lessee to be . . . observed and performed" (emphasis in original)).]  There are no genuine issues of material fact, and this Court concludes that, as a matter of law, Continental Tire assumed all of the lessee's obligations in the Sublease when Continental Tire entered into the Assignment.  See Fed. R. Civ. P. 56(a).

The parties' Count IV motions are denied as to the following issues: whether Continental Tire is a holdover lessee – *i.e.* whether Continental Tire breached the Sublease's covenant regarding surrender of the Property; whether Wond Family mitigated its damages; and for what period of time Wond Family may recover holdover rent.  There are genuine issues of material fact that preclude summary judgment on these issues.

Continental's Count IV Motion is therefore DENIED, and Wond Family's Count IV Motion is GRANTED IN PART AND DENIED IN PART.

### B. Count V

Continental's Count V Motion seeks summary judgment as to the limited issue of whether Wond Family may seek indemnification for contamination occurring on the Property **before** Continental Tire's predecessor in interest became the lessee by virtue of the Assignment.  [Reply in Supp. of Continental's Count V Motion, filed 12/13/17 (dkt. no. 82), at 2.]  Although the issue is not squarely presented in Continental's Count V Motion, this Court is inclined to conclude that the indemnification language in the Sublease and the indemnification language in the Assignment are sufficiently broad to require indemnification for claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") based on the lessee's violations **after** the Assignment.

In order to assume liability for past breaches, an indemnity agreement must "'clearly and unequivocally' assume either general environmental liability or the indemnitee's . . . past breaches."  Servco Pac. Inc. v. Dods, 193 F. Supp. 2d 1183, 1193 (D. Hawai`i 2002) (citing Kamali v. Hawaiian Electric Co., 54 Haw. 153, 162, 504 P.2d

861, 866 (1972)).  CERCLA did not exist at the time of the Sublease or the Assignment.  Neither the Sublease, the Assignment, nor the two documents read collectively clearly and unequivocally assumes liability for environmental claims based on the lessor's past breaches or based on the liability schemes that may be created by future statutes.  However, the broad language in the indemnity provision may be construed to assume such liability if there is evidence that the lessee had knowledge of environmental problems when it entered into the agreement.  See Purolator Products Corp. v. Allied–Signal, Inc., 772 F. Supp. 124, 137 (W.D.N.Y. 1991).  Thus, there are genuine issues of material fact regarding Continental Tire's knowledge at the time it entered into the agreement that preclude summary judgment.

Continental's Count V Motion is therefore DENIED.

A written order will follow that will supersede these rulings.  Any motions for reconsideration may not be filed until after the written order is filed.

## II.     Conferences with the Magistrate Judge

On October 12, 2017, this Court vacated the trial date and directed the parties to contact the magistrate judge for a trial resetting conference within three days after the ruling on the motions for summary judgment.  [EO: Court Order Regarding the Parties' Motions for Summary Judgment, filed 10/12/17 (dkt. no. 68), at 2.]  Insofar as all of the parties' motions for summary judgment have now been ruled upon, see EO: Court Order Vacating January 8, 2018 Hearing and Ruling on the Parties' Motions for Summary Judgment Regarding Counts I-III, filed 1/7/18 (dkt. no. 97),] the parties are HEREBY DIRECTED to make the request for a status conference within three days of this Entering Order.

The parties are also ORDERED to appear before the magistrate judge for a settlement conference.  They are DIRECTED to contact the magistrate judge within ten days of this Entering Order to schedule the settlement conference.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager