IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WOND FAMILY KAPALAMA, LLC a Hawai`i limited liability company, | ) ) ) ) | CIVIL NO. 16-00676 LEK-KJM |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CONTINENTAL TIRE THE AMERICAS, LLC, an Ohio limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| CONTINENTAL TIRE THE AMERICAS, LLC, an Ohio limited liability company, | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MELIM LTD., | ) ) | |
| Third-Party Defendant. | ) ) ) | |
| _____ | ) | |

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS
DEFENDANT CONTINENTAL TIRE THE AMERICAS LLC'S
<u>THIRD-PARTY COMPLAINT, FILED ON AUGUST 21, 2017 [DKT. 42]</u>**

Before the Court is Third-Party Defendant Melim, Ltd.'s ("Melim") "Motion to Dismiss Defendant Continental Tire the Americas, LLC's Third-Party Complaint, Filed on August 21, 2017 [Dkt. 42]" ("Motion"), filed on December 20, 2017. [Dkt. no. 88.] On February 16, 2018, Plaintiff/Counterclaim Defendant Wond Family Kapalama, LLC ("Wond Family") and Defendant/

Counterclaimant/Third-Party Plaintiff Continental Tire the Americas, LLC ("Continental Tire") each filed its memorandum in opposition. [Dkt. nos. 106, 107.] Melim filed its reply on February 26, 2018. [Dkt. no. 109.] This matter came on for hearing on March 12, 2018. On April 30, 2018, this Court issued an entering order ("EO") ruling on the Motion. The instant Order supersedes that EO. Melim's Motion is hereby denied for the reasons set forth below.

**BACKGROUND**

On December 28, 2016, Wond Family filed its Complaint against Continental Tire. Melim is not a party to the Complaint. Wond Family brings this action pursuant to the Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607, *et seq.*, and the Hawai`i Environmental Response Law ("HERL"), Haw. Rev. Stat. Chapter 128D.[1] [Complaint at ¶ 1.] Wond Family is the fee owner of the real property at issue in this case – Tax Map Key No. (1)1-5-021:024 ("the Property"). On or about February 12, 1959, Clarke Investment Corporation ("Clarke Investment"), as sublessor, and Melim Service & Supply Co., Ltd. ("Melim Service"), as sublessee, entered into a written sublease of the Property. According to the Complaint, it was amended or assigned

---

[1] Wond Family describes HERL as the Hawai`i counterpart to CERCLA. HERL is administered and enforced by the Hazard Evaluation and Emergency Response Office ("HEER") of the State of Hawai`i Department of Health ("HDOH"). [Complaint at ¶ 12.]

on or about December 29, 1975, such that The General Tire and Rubber Company ("General Tire") was the sublessee. The assigned/amended document is referred to as "the Sublease." Continental Tire is the successor sublessee under the Sublease because General Tire is its corporate predecessor. Wond Family is the successor sublessor under the Sublease because Kapalama Associates LLC ("Kapalama Associates") acquired Clarke Investment's interest, and Wond Family acquired both the fee interest in the Property, as well as Kapalama Associates' rights, including Kapalama Associate's claims against Continental Tire. [Complaint at ¶¶ 17-21.]

The Sublease expired on October 31, 2012, and Continental Tire stopped paying rent at that time. However, Continental Tire ceased business operations on the Property prior to 2012. For most of the time covered by the Sublease, Continental Tire and/or its predecessors operated tire and automobile services on the Property. This involved the use of hydraulic hoists, underground lines, and tanks. The Complaint alleges Continental Tire and its predecessors also disposed of hazardous substances on the Property during the Sublease term. [Id. at ¶¶ 23-26.] Covenant 19 of the Sublease states:

> That at the end of the said term, or other sooner determination of this lease, the Lessee will peaceably and quietly deliver up to the Lessors possession of the land hereby demised, together with all erections and improvements upon or belonging to the same, by whomsoever made, in good

>           repair, order and condition, reasonable wear and
>           tear excepted.

[Id. at ¶ 22.]

Wond Family commissioned a Phase I environmental site assessment ("ESA") report by Bureau Veritas North America, Inc. ("Bureau Veritas") concerning the Property ("Phase I Report"), and the August 12, 2011 report identified certain environmental conditions, including "the likelihood of contamination from prior automotive repair and services conducted on the premises." [Id. at ¶¶ 27-28.] The Phase I Report recommended that a Phase II ESA study be conducted. [Id. at ¶ 29.]

Although it denied any obligation to conduct environmental testing on the Property, Continental Tire retained ENPRO Environmental ("ENPRO") to perform a Phase II ESA study. The investigation began on September 14, 2012. [Id. at ¶ 33.] The Phase II ESA testing was completed on November 8, 2012, and ENPRO released a report dated December 11, 2012 ("Phase II Report"). ENPRO detected benzo(a)pyrene and lead levels in excess of HDOH's Tier 1 Environmental Action Levels for commercial/industrial use ("Tier 1 C/I EALs") and recommended excavating the soil in immediate vicinity of the locations where those contaminant levels were found. [Id. at ¶¶ 35-38.]

Bureau Veritas reviewed the Phase II Report for Wond Family and provided a comment letter dated February 20, 2013. The comment letter was provided to HDOH. [Id. at ¶ 39.]

Continental Tire commissioned ENPRO to conduct a Phase III remediation of the Property in accordance with the Phase II Report. The remediation was conducted from February 13 to 21, 2013. After the remediation work, ENPRO found no further concentrations of contaminants in excess of Tier 1 C/I EALs and recommended no further remedial action. The remediation work and ENPRO's findings are described in a March 12, 2013 report ("ENPRO Phase III Report"). [Id. at ¶ 40.]

Wond Family commissioned Bureau Veritas to test the excavation areas, and Bureau Veritas's sampling detected petroleum (TPH-RRO) and benzo(a)pyrene at levels exceeding HDOH Tier 1 Unrestricted EAL. Bureau Veritas advised further remediation and testing was necessary. [Id. at ¶ 41.] Wond Family's counsel informed Continental Tire he disagreed with the Continental Tire's opinion that HDOH would issue a No Further Action ("NFA") determination, and he asserted carryover rent continued to accrue. [Id. at ¶ 44.]

On September 23, 2013, HDOH issued a letter informing Continental Tire that it: determined the Phase II Report to be deficient; rejected the Phase II Report based on numerous technical errors; rejected the ENPRO Phase III Report because the Phase II Report was inadequate to determine the necessary remedial actions; refused to issue a NFA determination for

ENPRO's soil removal; and required a full site characterization of the Property. [Id. at ¶¶ 46-47.]

In March and April 2014, Kevin S. Kennedy Consulting, LLC ("Kennedy Consulting") conducted a follow-up site investigation for Continental Tire. [Id. at ¶ 48.] Kennedy Consulting's May 20, 2014 Follow-Up Site Investigation Report ("Follow-Up Report"): noted lead and total petroleum hydrocarbons as lube oil range organics ("TPH-ORO") in amounts exceeding the HDOH Tier 1 C/I EALs; noted mercury, lead, TPH-O, polychlorinated biphenyls ("PCBs"), and semi-volatile organic compounds ("SVOCs") in amounts exceeding the HDOH Tier 1 Unrestricted EALs; and requested a Conditional NFA determination, with the implementation of an Environmental Hazard Management Plan ("EHMP") for the Property. [Id. at ¶¶ 50-51.]

In a July 21, 2014 letter, HEER informed Continental Tire it reviewed the Follow-Up Report, and it could not grant a Conditional NFA determination at that time. However, HEER stated the issue could be revised after either the entire site was capped ("Capping Remedy"), with an HDOH-approved EHMP for the Property, and/or soil excavation to a depth of two feet below ground surface ("bgs") from decision units 1 and 2 ("Excavation Remedy"). [Id. at ¶ 52.]

According to the Complaint, Continental Tire's position is that the Capping Remedy satisfies its obligations under

6

Covenant 19, and excavating two feet of soil on the entire Property ("Full Excavation Remedy") was not required because the Sublease did not obligate Continental Tire to remediate the Property to below the HDOH Tier 1 Unrestricted EALs. [Id. at ¶ 53.] However, Continental Tire has not implemented either the Capping Remedy or the Full Excavation Remedy. [Id. at ¶ 55.]

Wond Family contends the Capping Remedy does not comply with Covenant 19 because it would leave contamination on the Property in excess of the HDOH Tier 1 C/I EALs. [Id. at ¶ 54.] Wond Family had Bureau Veritas prepare a Remedial Alternatives Analysis ("RAA"), analyzing the following responses to the contamination on the Property: no remediation; the Capping Remedy; the Full Excavation Remedy; and a full excavation to a dept of four feet bgs. Bureau Veritas opined that the Full Excavation Remedy was the preferred alternative. The draft RAA analysis was delivered to HEER on or about December 23, 2015. In a letter dated March 10, 2016, the HEER office commented on the draft RAA and determined that either the Capping Remedy or the Full Excavation Remedy was acceptable. [Id. at ¶¶ 56-57.] On or about July 18, 2016, Bureau Veritas submitted a revised RAA to HEER, incorporating the comments in the March 10, 2016 letter. In an August 18, 2016 letter, HEER instructed Wond Family to select either the Capping Remedy or the Full Excavation Remedy and submit a Removal Action Report after the implementation of

7

the selected remedy.  [Id. at ¶¶ 58-59.]  Wond Family went through a public notification process and has commenced the Full Excavation Remedy.  [Id. at ¶¶ 60-61.]

The Complaint alleges the following claims: a CERCLA cost recovery claim pursuant to 42 U.S.C. § 9607(a) ("Count I"); a HERL contribution/indemnity claim pursuant to Haw. Rev. Stat. § 128D-18(d) ("Count II"); a claim for a declaratory judgment regarding liability for future response costs ("Count III"); breach of contract ("Count IV"); and a CERCLA and HERL indemnity claim ("Count V").

Continental Tire filed its Answer on January 30, 2017, including a counterclaim against Wond Family ("Counterclaim"). [Dkt. no. 10.]  Continental Tire later obtained leave from the magistrate judge to file a third-party complaint.  [Dkt. nos. 37 (Motion for Leave to File Third-Party Complaint), 40 (EO granting motion).]  Continental Tire filed its Third-Party Complaint Against Melim, Ltd. ("Third-Party Complaint") on August 21, 2017. [Dkt. no. 42.]

The Third-Party Complaint alleges Melim is a "dissolved domestic profit corporation," and Melim is the entity named in the Sublease by way of a name change.  [Third-Party Complaint at ¶¶ 3, 9.]  On or around March 17, 1969, Melim Tire & Rubber Co., Ltd. ("Melim Tire") entered into an Assignment of Leases

("Assignment") to General Tire. [Id. at ¶ 10.] On December 31, 1981, Melim Tire "merged into and with" Melim. [Id. at ¶ 11.]

Continental Tire cites the allegation in the Complaint that "'Continental Tire and its predecessors in interest disposed of hazardous substances on the Property during the term of the Sublease.'" [Id. at ¶ 13 (quoting Complaint at ¶ 26).] Continental Tire asserts it investigated possible contamination on the Property and removed contaminated soil. [Id. at ¶¶ 14, 17.] Continental Tire alleges "[a]ll or some of the contamination or contaminated soil was placed on the Property by parties other than Continental Tire, including Melim." [Id. at ¶ 16.] Thus, Continental Tire alleges Wond Family and Melim benefitted from Continental Tire's remediation efforts, but neither has compensated Continental Tire. [Id. at ¶ 19.]

The Third-Party Complaint alleges unjust enrichment ("Third-Party Count I"); quantum meruit ("Third-Party Count II"); breach of contract ("Third-Party Count III"); and a claim for indemnity and contribution ("Third-Party Count IV").

The Motion seeks the dismissal of the Third-Party Complaint with prejudice and an award of attorney's fees and costs.

**DISCUSSION**

I.  **Materials Beyond the Pleadings**

Melim's Motion includes the Declaration of Patricia Melim and an exhibit – Melim's Articles of Dissolution. Melim also relies upon materials Continental Tire submitted with other motions in this case. See, e.g., Mem. in Supp. of Motion at 3 (quoting Continental Tire's Motion for Leave to File Third-Party Complaint, filed 7/28/17 (dkt. no. 37), Decl. of Lisa A. Bail, Exh. 4 at 6); id. at 4 (discussing Continental Tire's Motion for Summary Judgment as to Counts I, II, and III of Plaintiff's Complaint ("Continental's Counts I-III Motion"), filed 10/6/17 (dkt. no. 56)).

As a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the [Fed. R. Civ. P.] 12(b)(6) motion." Id. (citations and internal quotation marks omitted). Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL

10

1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[2]

None of the materials Melim relies upon meets the requirements described in Daniels-Hall. This Court therefore cannot consider them without converting the Motion into a motion for summary judgment, which this Court finds is not warranted under the circumstances of this case. This Court declines to consider the additional materials submitted or cited by Melim. Only the allegations in the Third-Party Complaint, which includes Wond Family's Complaint as Exhibit A, will be considered.

## II. **Merits of the Motion**

### A. **Availability of Evidence**

Melim argues the Third-Party Complaint should be dismissed because there is insufficient evidence showing Melim brought contaminated fill to the Property and it is not possible to discover such evidence because so much time has passed since Melim occupied the Property. Thus, Melim argues Continental Tire's third-party claims fail to state plausible claims for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127

---

[2] Parrino was superseded by statute on other grounds, as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam).

S. Ct. 1955 (2007))); id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955)). Whether there is sufficient evidence to support the claims in the Third-Party Complaint is an issue for summary judgment, or possibly for trial. See, e.g., Order Granting in Part and Denying Plaintiff's Motion for Partial Summary Judgment Re: Count IV of Complaint and Denying All Other Motions for Summary Judgment, filed 5/1/08 (dkt. no. 128) (granting summary judgment on two discrete legal issues, but denying summary judgment as to all claims). Further, Continental Tire is entitled to conduct discovery to test Melim's assertion that no relevant evidence can be obtained because of the passage of time. Similarly, Melim's concerns that Wond Family and Continental Tire knew about contamination concerns and conducted testing on the Property for a significant amount before notifying Melim, and the possibility that this delay may have prejudiced Melim's defense to the Third-Party Complaint, can also be addressed through discovery and motions practice. These issues are not grounds for dismissal of the Third-Party Complaint. Melim's Motion is

therefore denied as to its arguments regarding the availability of evidence.[3]

**B.   <u>Statute of Repose</u>**

Melim argues HERL has a statute of repose, Haw. Rev. Stat. § 128D-6(j), that bars Continental Tire's claims in the Third-Party Complaint.

> Unlike a statute of limitations, which begins to run when a claim accrues and may be subject to equitable tolling, "[a] statute of repose bars any suit that is brought after a specified time since the defended acted . . ., even if this period ends before the plaintiff has suffered a resulting injury." <u>CTS Corp. v. Waldburger</u>, --- U.S. ----, 134 S. Ct. 2175, 2182, 189 L. Ed. 2d 62 (2014). A statute of repose is "therefore equivalent to a cutoff, in essence an absolute bar on a defendant's temporal liability." <u>Id.</u> at 2183 (internal citations and quotation marks omitted).

<u>Nat'l Credit Union Admin. Bd. v. RBS Sec., Inc.</u>, 833 F.3d 1125, 1129 (9th Cir. 2016) (alterations in <u>Nat'l Credit Union</u>). CERCLA preempts state law statutes of limitations, but not statutes of repose. <u>Id.</u> at 1133-34 (citing 42 U.S.C. § 9658; <u>CTS Corp.</u>, 134 S. Ct. 2180).

---

[3] Because this Court has declined to consider materials beyond the Third-Party Complaint, this Court does not address Melim's argument that, in light of Continental Tire's positions in Continental's Counts I-III Motion, the Third-Party Complaint should be dismissed based on judicial estoppel. Even if Melim's judicial estoppel argument was considered, it would be rejected because judicial estoppel only applies if "the party has succeeded in persuading a court to accept that party's earlier position." See <u>Zedner v. United States</u>, 547 U.S. 489, 504 (2006) (citation and internal quotation marks omitted). Because Continental's Counts I-III Motion was denied, there was no judicial acceptance of the positions in that motion.

13

Section 128D-6(j) states: "No person other than a government entity may recover costs or damages **under this chapter** arising from a release which occurred before July 1, 1990." (Emphasis added.)  Hawai`i law recognizes certain statutory periods as statutes of repose.  See, e.g., Estate of Baba v. Kadooka, No. CAAP-12-0000420, 2013 WL 5676083, at *3 (Hawai`i Ct. App. Oct. 18, 2013) (discussing six-year statute of repose in Haw. Rev. Stat. § 657-7.3); Ass'n of Apartment Owners of Newtown Meadows ex rel. Bd. of Dirs. v. Venture 15, Inc., 115 Hawai`i 232, 282-84, 167 P.3d 225, 275-77 (2007) (discussing Haw. Rev. Stat.§ 657-8 as a statute of repose).  No Hawai`i case law recognizes § 128D-6(j) as a statute of repose.  Even if § 128D-6(j) is a statute of repose, it only applies to HERL claims, and the Third-Party Complaint does not allege any HERL claims.  Thus, even if § 128D-6(j) is a statute of repose, it does not require the dismissal of any of the claims in the Third-Party Complaint.  The Motion therefore does not require a determination of whether § 128D-6(j) is a statute of repose.

Because Continental Tire's predecessor also occupied the Property during a period prior to July 1, 1990, the issue of whether § 128D-6(j) is a statute of repose can be addressed when Wond Family's HERL claims are decided on the merits.  If Continental Tire does not raise the issue and Wond Family

14

ultimately prevails on its HERL claims,[4] Melim can raise the statute of repose issue when Continental Tire seeks to recover the HERL damages it owes to Wond Family from Melim under the Third-Party Complaint. However, even if § 128D-6(j) is a statute of repose, it would not affect Melim's liability to Continental Tire for any damages ultimately awarded against Continental Tire for Wond Family's claims that are not based on HERL.

## C. **Statutes of Limitation**

Melim also seeks dismissal of Continental Tire's breach of contract claim and Continental Tire's equitable claims because they are barred by the applicable statutes of limitations. Under Hawai`i law, contract claims are subject to a six-year statute of limitations. See, e.g., Honolulu Acad. of Arts v. Greene, CIVIL NO. 15-00355 DKW-KSC, 2016 WL 4522667, at *4 (D. Hawai`i Aug. 29, 2016) (citing Haw. Rev. Stat. § 657-1). Continental Tire's equitable claims are subject to the statute of limitations that applies to the legal claims that are analogous to the equitable claims. See Small v. Badenhop, 67 Haw. 626, 642, 701 P.2d 647, 657 (1985) ("A court of equity is not bound by the statute of limitations, but, in the absence of extraordinary circumstances,

---

[4] For purposes of Melim's Motion, Continental Tire has taken the position that § 128D-6(j) is not a statute of repose. [Mem. in Opp. at 17.] Further, Melim did not assert a statute of repose argument when it sought summary judgment as to Wond Family's HERL claims. See generally, Continental's Counts I-III Motion; Continental Tire's Motion for Summary Judgment as to Count V of Plaintiff's Complaint, filed 10/6/17 (dkt. no. 58).

15

it will usually grant or withhold relief in analogy to the statute of limitations relating to law actions of like character." (citation and quotation marks omitted)). This Court agrees with Melim that Continental Tire's equitable claims against it are analogous to Continental Tire's breach of contract claim. Therefore a six-year statute of limitations also applies to Continental Tire's equitable claims.

Under Hawai`i law, a breach of contract claim generally accrues when the breach occurs. Honolulu Acad. of Arts, 2016 WL 4522667, at *4 (citing Au v. Au, 63 Haw. 210, 219, 626 P.2d 173, 180 (1981)). However, the "discovery rule" is an exception to the general accrual rule and, under the discovery rule, "a breach of contract claim accrues when the plaintiff 'discovers or could have discovered, through the exercise of reasonable diligence, all of the facts essential to his cause of action.'" Moddha Interactive, Inc. v. Philips Elec. N. Am. Corp., 92 F. Supp. 3d 982, 995 (D. Hawai`i 2015) (quoting Gabriel Techs. Corp. v. Qualcomm Inc., 857 F. Supp. 2d 997, 1010 (S.D. Cal. 2012)), *aff'd sub nom.*, 654 F. App'x 484 (Fed. Cir. 2016).[5] In considering Melim's Motion, this Court assumes the factual allegations in the Third-Party Complaint, which incorporates the factual allegations

---

[5] Hawai`i follows California case law regarding the discovery rule. Moddha Interactive, 92 F. Supp. 3d at 993 (citing Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 115 Hawai`i 232, 167 P.3d 225, 274 (2007)).

16

in the Complaint, to be true.  See Twombly, 550 U.S. at 572 ("a judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint" (citations and internal quotation marks omitted)).  Those factual allegations support a plausible argument that Continental Tire's claims against Melim may not be time-barred because of the discovery rule.  Melim's Motion is denied, to the extent it seeks dismissal of the Third-Party Complaint on statute of limitations grounds.

**D.  Claims Based on Alternate Theories**

Finally, Melim argues Continental Tire's equitable claims should be dismissed because Continental Tire had adequate contractual remedies for any alleged breach of the Assignment.  The pleading of alternate claims or theories is permitted, even where they may be inconsistent.  Fed. R. Civ. P. 8(d)(2)-(3).  Further, in a case involving a breach of contract claim and a tort claim, this district court stated that plaintiffs "may **allege** both contract and tort claims against [the defendant] and are not required to elect a single legal theory upon which to proceed.  If [the defendant]'s conclusions are correct, and the conversion claim merely duplicates the breach of contract claims, the [plaintiffs] cannot ultimately **recover** under both theories." Sunday's Child, LLC v. Irongate AZREP BW LLC, CIVIL NO. 13-00502 DKW-RLP, 2017 WL 561338, at *4 (D. Hawai`i Feb. 10, 2017)

17

(emphases in original).  The plaintiff is not required to expressly state that the claims are being pled in the alternative.  Id. at *4 n.3.  This Court therefore rejects Melim's argument that Continental Tire's equitable claims must be dismissed because they are inconsistent with Continental Tire's breach of contract claim.

## CONCLUSION

On the basis of the foregoing, Melim's "Motion to Dismiss Defendant Continental Tire the Americas, LLC's Third-Party Complaint, Filed on August 21, 2017 [Dkt. 42]," filed December 20, 2017, is HEREBY DENIED.  Melim is ORDERED to file its answer to the Third-Party Complaint by **June 20, 2018**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 23, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WOND FAMILY KAPALAMA, LLC VS. CONTINENTAL TIRE THE AMERICAS, LLC VS. MELIM LTD.; CIVIL 16-00676 LEK; ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS DEFENDANT CONTINENTAL TIRE THE AMERICAS LLC'S THIRD-PARTY COMPLAINT, FILED ON AUGUST 21, 2017 [DKT. 42]**